# EXHIBIT A

1/20/17   1238

## SUMMONS
### (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** T.J. MAXX OF CA, LLC, a Delaware
*(AVISO AL DEMANDADO):* Corporation; and Does 1 through
50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** TERESA HILL, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY

DEC.- 9 2016

CLERK OF THE SUPERIOR COURT
By MARGARET J. DOWN
Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda Superior Court
1225 Fallon Street
1225 Fallon Street
Oakland, CA 94612

**CASE NUMBER:**
*(Número del Caso):*
RG16841926

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
S. Brett Sutton   143107                    (559)325-0500   (559)981-1217
Jared Hague 251517
Sutton Hague Law Corporation, P.C.
Fresno, CA 93704

DATE: **DEC - 9 2016**  **Chad Finke**  Clerk, by __MARGARET J. DOWN__ , Deputy
*(Fecha)*                                      *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* T.J. MAXX OF CA, LLC, a Delaware Corporation

   under: [X] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

**SUMMONS**

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Legal
Solutions
CA Plus

Code of Civil Procedure §§ 412.20, 465

S. BRETT SUTTON 143107
JARED HAGUE 251517
ANTHONY GUZMAN 311580
SUTTON HAGUE LAW CORPORATION, P.C.
6715 N. Palm Avenue, Suite 216
Fresno, California 93704
Telephone: (559) 325-0500

**ENDORSED
FILED
ALAMEDA COUNTY**

DEC. - 9 2016

CLERK OF THE SUPERIOR COURT
By MARGARET J. DOWD
Deputy

Attorneys for Plaintiff: Teresa Hill

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ALAMEDA

* * *

| | |
|---|---|
| TERESA HILL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>T.J. MAXX OF CA, LLC, a Delaware<br>Corporation; and Does 1 through 50, inclusive,<br><br>DEFENDANT. | Case No. **R G 1 6 8 4 1 9 2 6**<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**<br><br>**CLASS ACTION**<br><br>1) **Failure to Issue Accurate Wage Statements (Labor Code § 226)**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff TERESA HILL ("PLAINTIFF") alleges against Defendant T.J. MAXX OF CA, a Delaware Corporation ("DEFENDANT"); and Does 1 through 50, inclusive as follows:

### GENERAL ALLEGATIONS

**A.    THE PARTIES**

1.     PLAINTIFF is an individual who, at all times relevant herein, was residing in Los Angeles County, California, and is a former employee of DEFENDANT.

2.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT is now, and at all times relevant to this Complaint, a corporation registered to do business within California with a physical locations in Alameda County.

3.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT own and/or operate 17 or more retail locations throughout California.

4.     PLAINTIFF is unaware of the true names and/or capacities, whether individual, partnership, limited partnership, corporate, or otherwise, of the DEFENDANT sued herein as

1

1  DOES 1 through 50, inclusive, and each of them, and therefore sues such DEFENDANT by such

2  fictitious names pursuant to Code of Civil Procedure section 474.  PLAINTIFF is informed and

3  believes, and thereon allege, that each of the DEFENDANT sued herein, including DOES 1

4  through 50, inclusive, is and was proximately the cause of or contributed to cause the damages

5  hereinafter alleged, or in some other manner is responsible in whole or in part for the damages

6  which have been, are being, and will be suffered by PLAINTIFF as alleged herein.  When the

7  true names and/or capacities of the DEFENDANT are ascertained, PLAINTIFF will seek leave

8  to amend this Complaint to insert the same herein with appropriate charging allegations.

9       5.     PLAINTIFF is informed and believes and thereon alleges that DEFENDANT and

10 each of the DOE DEFENDANTS, were acting at all relevant times herein, as the agent,

11 ostensible agent, joint-venturer, joint-employer, servant, employee, co-conspirator and/or

12 associate of each of the other DEFENDANT, and were at all times acting within the course and

13 scope of said agency, servitude, employment, joint-venture, association, and/or conspiracy and

14 with the permission and consent of the other DEFENDANT.

15      6.     PLAINTIFF is informed and believes, and thereon alleges, that the above

16 DEFENDANT and/or each of their managing agents and supervisors aided, abetted, condoned,

17 permitted, approved, authorized, and/or ratified the unlawful acts described herein.

18      7.     PLAINTIFF is informed and believes, and thereon alleges, that at all times

19 relevant to this Complaint, the various acts and representations of DEFENDANT, including each

20 of the DOE DEFENDANT, and each agent or representative of DEFENDANT, were the result

21 of, and in furtherance of, an agreement whereby the DEFENDANT and each agent or

22 representative of the DEFENDANT knowingly conspired to engage in the acts described herein,

23 including, but not limited to, DEFENDANT'S violations of the California Labor Code.

24      8.     PLAINTIFF brings Cause of Action One on behalf of herself and all other

25 similarly situated current and former employees of DEFENDANT as a class action pursuant to

26 California Code of Civil Procedure section 382.  PLAINTIFF seeks to represent a class and/or

27 subclasses composed of and defined as follows:

28 ///

Sutton Hague
Law Corporation, P.C.
6715 N. Palm Avenue
Suite 216
Fresno, CA 93704

2

PLAINTIFF'S COMPLAINT FOR DAMAGES

Class l

All current and former employees of DEFENDANT in California who received a wage statement that did not comply with the provisions of Labor Code section 226(a).

9.      These individuals shall hereinafter be referred to collectively as the "Class Members."

10.      PLAINTIFF reserves the right under California Rules of Court Rule 3.765(b) to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

**B.      THE ACTION**

11.      This action is brought, in part, to remedy the following:

(a)      DEFENDANT'S failure to issue accurate, itemized wage statements to PLAINTIFF and the Class Members in accordance with California law;

(b)      DEFENDANT'S failure to provide written notice to PLAINTIFF and the Class Members of employment-related information in accordance with California law;

**C.      VENUE**

12.      Venue is proper in this county because, among other reasons, certain of the violations of the California Labor Code were committed in Alameda County and DEFENDANT'S conduct business in Alameda County and the majority of the events and conduct complained of herein occurred in Alameda County. The unlawful acts alleged have a direct effect on PLAINTIFF and other Class Members.  PLAINTIFF and the Class Members will continue to suffer the same harm as PLAINTIFF as a result of DEFENDANT'S wrongful conduct unless the relief requested herein is granted. This case is not subject to original jurisdiction in federal court pursuant to the Class Action Fairness Act of 2005 ("CAFA") because, as of the date of the filing of this Complaint, PLAINTIFF is informed and believes, and thereon alleges, that more than two thirds (2/3) of the Class Members in the aggregate are citizens of the State of California, where this case is being originally filed, at least one of the

Sutton Hague
Law Corporation, P.C.
6715 N. Palm Avenue
Suite 216
Fresno, CA 93704

3

1   named DEFENDANT is a citizen of California, significant relief is sought against
2   DEFENDANT by the Class Members, DEFENDANT'S alleged conduct forms a significant
3   basis for the claims asserted by the proposed Class Members, and the principal injuries resulting
4   from the alleged conduct or related conduct of DEFENDANT was incurred in California.
5   PLAINTIFF is informed and believes, and thereon alleges, that during the three-year period
6   preceding the filing of this class action, no other class action has been filed asserting the same or
7   similar factual allegations against DEFENDANT on behalf of the same or similar Class
8   Members.

9   **D.   CLASS ACTION ALLEGATIONS**

10      13.   Cause of Action One has been brought and properly may be maintained as a class
11   action under the provisions of section 382 of the California Code of Civil Procedure because: a)
12   there is a well-defined community of interest in the litigation; and b) the proposed class is easily
13   ascertainable.

14      ***Numerosity***

15      14.   The potential members of the class as defined are so numerous that joinder of all
16   members of the class is impracticable.   PLAINTIFF is informed and believes, and thereon
17   alleges that, at all times mentioned herein, PLAINTIFF and the Class Members are or have been
18   affected by DEFENDANT'S and DOES 1–50's unlawful practices as alleged herein.

19      15.   Accounting for employee turnover during the relevant period covered by this
20   action necessarily and substantially increases the number of employees covered by this action.
21   PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT'S and DOES 1–
22   50's employment records would provide information as to the actual number and location of all
23   Class Members.   Joinder of all members of the proposed class is not practicable.

24      ***Commonality***

25      16.   There are questions of law and fact common to the class predominating over any
26   questions affecting only individual Class Members.   These common questions of law and fact
27   include, without limitation:

28   ///

Sultan Hague
Law Corporation, P.C.
6715 N. Palm Avenue
Suite 216
Fresno, CA 93704

4

a. Whether DEFENDANT violated California Labor Code section 226 by failing to issue accurate, itemized wage statements to PLAINTIFF and the Class Members;

b. Whether DEFENDANT violated California Labor Code section 2810.5 by failing to provide PLAINTIFF and the Class Members with written notice of all employment-related information;

c. Whether PLAINTIFF and the Class Members are entitled to equitable relief pursuant to California Business and Professions Code section 17200 *et seq.*

### *Typicality*

17. The claims of the named PLAINTIFF are typical of the claims of the class. PLAINTIFF and all members of the class sustained injuries and damages arising out of, and caused by, DEFENDANT'S and DOES 1–50's common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

### *Adequacy of Representation*

18. PLAINTIFF will fairly and adequately represent and protect the interests of the members of the class. Counsel who represents PLAINTIFF is competent and experienced in litigating wage and hour class actions and California Business and Professions Code section 17200 *et seq.* cases.

### *Superiority of Class Action*

19. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery as a result of DEFENDANT'S and DOES 1–50's unlawful policies and practices alleged in this Complaint.

20. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. PLAINTIFF is unaware of any difficulties likely to be encountered in the management of this action that would preclude its maintenance as a class action.

Sutton Hague
Law Corporation, P.C.
6715 N. Palm Avenue
Suite 216
Fresno, CA 93704

5

PLAINTIFF'S COMPLAINT FOR DAMAGES

21.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT, either directly or indirectly, or through an agent or some other person, engaged, suffered, and permitted the Class Members to work, and exercised control over the wages, hours, and working conditions of the Class Members.

22.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT engaged, suffered, and permitted the Class Members to perform services from which DEFENDANT benefitted.

23.     PLAINTIFF is informed and believes, and thereon alleges, that at all times relevant to this Complaint, DEFENDANT had the right to exercise control over the wages, hour, and working conditions of the Class Members.

## BACKGROUND ALLEGATIONS

31.     PLAINTIFF was employed by T.J. MAXX OF CA as an Assistant Manager of Merchandizing from in or around July, 2006 to on or about May 12, 2016.

32.     At all relevant times, PLAINTIFF was a non-exempt employee and was compensated at an hourly rate for her time performing work.

33.     On or around May 12, 2016, T.J. MAXX OF CA terminated PLAINTIFF's employment.

34.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT is and was, at all relevant times herein, engaged in the retail industry.  DEFENDANT employed PLAINTIFF and the Class Members in positions including, but not limited to associates, cashiers, security guards, support staff, administrative staff, managers, and backup staff members.

35.     PLAINTIFF is informed and believes, and thereon alleges, that there are little to no accurate time records provided by DEFENDANT and received by PLAINTIFF and other similarly situated aggrieved employees because DEFENDANT did not keep such records.

36.     At all relevant times, DEFENDANT has failed to provide accurate and complete wage statements, in violation of California law.

///

Sutton Hague
Law Corporation, P.C.
6715 N. Palm Avenue
Suite 216
Fresno, CA 93704

6

37.   PLAINTIFF and other aggrieved employees are unable to "promptly and easily determine," from the wage statement alone, the amount of gross or net wages paid to the employee during the pay period, all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate by the employee.

38.   At all relevant times, DEFENDANT has failed to provide a separate written notice to PLAINTIFF and other similarly situated employees that communicated in writing to its aggrieved employees the information required by Section 2810.5, including but not limited to: (1) the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise, including any rates for overtime, as applicable; (2) allowances, if any, claimed as part of the minimum wage, including meal or lodging allowances; (3) the regular payday designated by the employer; (4) the name of the employer, including any "doing business as" names used by the employer; (5) the physical address of the employer's main office or principal place of business, and a mailing address; (6) the name, address, and telephone number of the employer's workers' compensation insurance carrier; and (7) other information the Labor Commissioner deems material and necessary.

39.   As a result of the actions of DEFENDANT, PLAINTIFF and other similarly situated Class Members suffered damages, including lost pay, wages, and interest.

## FIRST CAUSE OF ACTION

### FAILURE TO FURNISH ACCURATE ITEMIZED STATEMENTS OF WAGES

### (PLAINTIFF, Individually and on Behalf of the Class Members, Against DEFENDANT and DOES 1 through 50)

40.   The allegations of paragraphs 1 through 100, inclusive, are re-alleged and incorporated herein by this reference.

41.   DEFENDANT is required to maintain accurate records of, among other things, wages earned at each hourly rate and the accurate number of total hours worked by PLAINTIFF and Class Members.

42.   DEFENDANT was required to furnish such records to PLAINTIFF and Class Members semi-monthly or at the time of payment of wages and to properly itemize the paycheck

Sutton Hague
Law Corporation, P.C.
6715 N. Palm Avenue
Suite 318
Fresno, CA 93704

7

as required by the California Labor Code, Industrial Welfare Commission Order, and the California Code of Regulations, including, but not limited to, California Labor Code section 226.

43.    PLAINTIFF is informed and believes, and on that basis alleges, that DEFENDANT failed to accurately maintain and furnish records of the wages earned by PLAINTIFF and Class Members.

44.    As a direct and proximate result of DEFENDANT'S failure to issue accurate, itemized wages statements to PLAINTIFF and Class Members, PLAINTIFF and Class Members suffered damage.

45.    PLAINTIFF and Class Members are, therefore, entitled to penalties pursuant to Labor Code section 226 along with interest on those penalties and attorney fees, as required by Labor Code section 226, in addition to the relief requested below.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays as follows:

1.    That the Court determine that Causes of Action One through Eight may be maintained as a Class Action;

2.    For the attorneys appearing in the above caption to be named as Class Counsel;

3.    For restitutionary and compensatory damages in an amount according to proof and with interest thereon, including, but not limited to unpaid wages;

4.    For interest, attorney fees, and cost of suit under California Labor Code sections 218.6, 226, 1194, 2699 and California Code of Civil Procedure section 1021.5;

5.    That DEFENDANT be ordered to show cause why they should not be enjoined and ordered to comply with the applicable California Labor Code sections and Industrial Welfare Commission Wage Orders related to payment of wages;

6.    For such other and further relief as the Court deems just and proper.

/ / /
/ / /
/ / /
/ / /

Sutton Hague
Law Corporation, P.C.
5715 N. Palm Avenue
Suite 215
Fresno, CA 93704

8

PLAINTIFF'S COMPLAINT FOR DAMAGES

PLAINTIFF, on behalf of herself and all similarly situated Class Members, hereby demands trial by jury of for the alleged Cause of Action One to the extent authorized by law.

Dated:  December 9, 2016

SUTTON HAGUE LAW CORPORATION
A California Professional Corporation

By:_____
            BRETT S. SUTTON
            Attorneys for Plaintiff
            TERESA HILL

PLAINTIFF'S COMPLAINT FOR DAMAGES

Sutton Hague
Law Corporation, P.C.
6715 N. Palm Avenue
Suite 216
Fresno, CA 93704

```
┌                             ┐        ┌                          ┐
  Sutton Hague Law Group                 T.J. Maxx Of CA, LLC
  Attn:  Sutton, S. Brett
  6715 N. Palm Avenue
  Suite 216
└ Fresno, CA  93704           ┘        └                          ┘
```

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Hill | No. RG16841926 |
| Plaintiff/Petitioner(s) | |
| VS. | |
| T.J. Maxx Of CA, LLC | NOTICE OF HEARING |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 01/17/2017   TIME:  03:00 PM   DEPARTMENT: 30
LOCATION:  U.S. Post Office Building, Second Floor
201 13th Street, Oakland

Case Management Conference:
DATE: 02/21/2017   TIME:  03:00 PM   DEPARTMENT: 30
LOCATION:  U.S. Post Office Building, Second Floor
201 13th Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 30 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 268-5104.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 30.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to Direct Calendar Departments at

http://apps.alameda.courts.ca.gov/domainweb.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 30.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 30 by e-mail at Dept.30@alameda.courts.ca.gov or by phone at (510) 268-5104.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  12/12/2016                        Chad Finke  Executive Officer / Clerk of the Superior Court

                                          By    _Michelle Bank_
                                                                          Deputy Clerk

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 12/13/2016.

                                          By    _Michelle Bank_
                                                                          Deputy Clerk



# Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

---

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial.  You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;

- Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or

- Agree to ADR at your Initial Case Management Conference.

**QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
Or visit the court's website at http://www.alameda.courts.ca.gov/adr

---

### What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

    o **Court Mediation Program:** Mediators do not charge fees for the first two hours of mediation.  If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o **Private Mediation:** This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

  o **Judicial Arbitration Program (non-binding):** The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

  o **Private Arbitration (binding and non-binding)** occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA 94702-1612
Telephone: (510) 548-2377    Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that Encourage Effective Dialogue and Solution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035    Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100    Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| S. Brett Sutton 143107<br>Jared Hague 251517<br>Sutton Hague Law Corporation, P.C.<br>6715 N. Palm Ave., Suite 216<br>Fresno, CA 93704<br>TELEPHONE NO: (559)325-0500 FAX NO.: (559)981-1217<br>ATTORNEY FOR *(Name):* Teresa Hill | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>DEC. - 9 2016<br><br>CLERK OF THE SUPERIOR COURT<br>By MARGARET J. DOWALL<br>Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME: HILL V. T.J. MAXX OF CA, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>**RG16841926** |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 1 ONE
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: December 9, 2016

S. Brett Sutton 143107
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: HILL V. T.J. MAXX OF CA, LLC, et al. | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[X] Oakland, Rene C. Davidson Alameda County Courthouse  (446)

[ ] Hayward Hall of Justice  (447)
[ ] Pleasanton, Gale-Schenone Hall of Justice  (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | Is this an uninsured motorist case?  [ ] yes  [ ] no | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [X] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial   Is the deft. in possession |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential   of the property? |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs   [ ] Yes   [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [ ] Yes  [ ] No | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)

A-13

ALA ADR-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:           FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY

    STREET ADDRESS:
    MAILING ADDRESS:
    CITY AND ZIP CODE:
    BRANCH NAME

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| | CASE NUMBER: |
|---|---|
| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | |

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1. Date complaint filed: _____. An Initial Case Management Conference is scheduled for:

   Date:                         Time:                         Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

   ☐ Court mediation          ☐ Judicial arbitration

   ☐ Private mediation        ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:
   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _____

_____   ▶  _____
      **(TYPE OR PRINT NAME)**                         **(SIGNATURE OF PLAINTIFF)**

Date: _____

_____   ▶  _____
      **(TYPE OR PRINT NAME)**                         **(SIGNATURE OF ATTORNEY FOR PLAINTIFF)**

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

ALA ADR-001

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF DEFENDANT)

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

Case Details - DomainWeb

THE SUPERIOR COURT OF CALIFORNIA

# COUNTY OF ALAMEDA

Log In

## DomainWeb

*your resource for case filing information*

Buy Credits
0 Credit(s)



Checkout (0 item(s))

**DomainWeb**   **How This Site Works**   **FAQ**



## Case Details

**Case Number: RG16841926**          **Title: Hill VS T.J. Maxx Of CA, LLC**

| Case Summary | Register of Action | Participants |
| Tentative Rulings | Future Hearings | Minutes |

| Date | Action |
| --- | --- |
| 1/12/2017 | This Tentative Ruling is made by Judge Brad Seligman Case continued to 03:00 PM on 02/14/2017 in Department 30, Complex Determination Hearing, U.S. Post Office Building, 201 13th Street, Oakland. |

Page: 1 of 1

Back to Search Results

Case Details - DomainWeb

Feedback    Use and Privacy Policy    System Requirements    Contact Us    ® 2017 - Superior